CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY PETERSON, | ) | CASE NO. 7:17CV00131 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. HAPPY SMITH, ET AL., | ) | By: Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Troy Peterson, an inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that the defendant Virginia prison officials failed to provide him treatment for Hepatitis C. Because Peterson has failed to update his mailing address for communications about this case, the court will dismiss the action without prejudice.

In the order conditionally filing the case (ECF No. 3), the court advised Peterson that a failure to update his mailing address for this case after a transfer or release from incarceration would result in dismissal of this action without prejudice. A notice the court mailed to Peterson at the address he last provided for this case was returned to the court, marked as undeliverable as addressed. Furthermore, Peterson has not contacted the court about this case since a letter to the clerk's office, received in June 2017.

Based on the foregoing, the court concludes that Peterson no longer wishes to proceed with this case and that he has failed to prosecute this action, pursuant to Federal Rule of Civil Procedure 41(b). Accordingly, the court dismisses the action without prejudice. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). If Peterson

wishes to proceed with this action, he may move to reopen the case within 30 days from entry of the dismissal order, provided that he demonstrates good cause for his failure to update the court with a current address in this case as directed.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Peterson's prior address and to counsel of record for defendants.

ENTER: This 29th day of August, 2017.

                                                  United States District Judge